# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO: 4:16-CV-00049-JHM**

MARTY LEE LAWTON
SHARLOTTE LAWTON, and                                    **PLAINTIFFS**
FOREMOST INSURANCE COMPANY

V.

HAMILTON BEACH BRANDS, INC.                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Exclude Plaintiff's Expert Larry Griffith [DN 37]. Fully briefed, this matter is ripe for decision. For the following reasons, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

This case arises out of a house fire that Plaintiffs claim was caused by a product made by Defendant Hamilton Beach Brands, Inc. This suit was originally filed in Ohio County Circuit Court. It was removed to this Court on April 29, 2016 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal [DN 1] ¶ 11.) In the course of this litigation, Magistrate Judge Brennenstuhl set a deadline of October 10, 2017 for Plaintiffs to disclose any experts that may testify at trial. (Order [DN 32] at 1.) Plaintiffs missed that deadline. It was not until November 29, 2017 that Plaintiffs gave notice to the Court that their expert disclosures were served on Defendant. (Notice of Service of Plaintiff's Disclosure of Expert Witnesses [DN 35].) Accordingly, Defendant filed this Motion to Exclude, asking that the testimony of proposed expert Larry Griffith be excluded based on Plaintiff's failure to timely disclose that his expert testimony would be used at trial. To date, there is nothing in the record making Griffith's expert disclosure or report available to the Court.

## II. DISCUSSION

Defendant moves to exclude all testimony of Larry Griffith. In their Response, Plaintiffs concede that Griffith should be excluded from testifying as an expert because of the missed deadline for expert disclosures. For this reason, they withdraw their designation of Griffith as an expert witness. However, Plaintiffs request that the Court still allow Griffith to testify as a fact witness. In replying, Defendant argues that allowing Griffith to testify as a fact witness is an attempt to thwart the expert disclosure rules and may be confusing to the jury.

The Court finds that Griffith's expert testimony must be excluded. The Federal Rules require a party to disclose to the other parties the identity of any expert witness it may use at trial. Fed. R. Civ. P. 26(a)(2)(A). In this case, Plaintiffs did not make Griffith's expert disclosure by the agreed upon deadline. Rule 37 provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). As such, Plaintiffs' withdraw of Griffith's designation as an expert witness is appropriate.

However, Griffith is not prohibited from testifying as a fact witness. Unlike expert testimony, parties are not required to meet the strict standards of Fed. R. Civ. P. 26(a)(2) to rely on the testimony of lay witnesses. In testifying as a lay witness, Griffith will only be permitted to testify to facts of which he is personally aware. Fed. R. Evid. 602 (stating that a witness who is a non-expert may only testify to a matter if evidence supports that "the witness has personal knowledge of the matter."). Therefore, Griffith may provide testimony such as what work he personally did in repairing the Lawtons' home and how much payment he received for his services.

### III. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Exclude Plaintiff's Expert Larry Griffith is **GRANTED**.

*Joseph H. McKinley, Jr., Chief Judge*
United States District Court

March 6, 2018

cc: counsel of record